

**U.S. Department of Justice**

*United States Attorney*
*Southern District of West Virginia*

---

| | |
|---|---|
| *Sidney L. Christie Federal Building* | *Mailing Address* |
| *and United States Courthouse* | *Post Office Box 1239* |
| *845 Fifth Avenue, Room 209* | *Huntington, WV 25714* |
| *Huntington, WV 25701* | *(304) 529-5799* |
| *FAX: (304) 529-5545* | |

December 22, 2005



Michael L. Desautels
Assistant Federal Public Defender
300 Virginia Street, East
Room 3400
Charleston, West Virginia  25301

    Re:  United States v. Kanton Talley,
           also known as "G.B."
           Criminal No. 3:05-00207 (USDC SDWVa)

Dear Mr. Desautels:

    This will confirm our conversations with regard to your client, Kanton Talley, also known as "G.B." (hereinafter "Mr. Talley"). As a result of these conversations, it is agreed by and between the United States and Mr. Talley as follows:

    1.  **PENDING CHARGES**.  Mr. Talley is charged in a two-count indictment as follows:

        (a)  Count One charges Mr. Talley with a violation of 21 U.S.C. § 841(a)(1) and Title 18, United States Code, Section 2 (aiding and abetting the possession with intent to distribute 50 grams or more of cocaine base, also known as "crack"); and

_____
KANTON TALLEY
Defendant

1-6-05
Date Signed

_____
MICHAEL L. DESAUTELS, ESQUIRE
Counsel for Defendant

1-6-06
Date Signed

Michael L. Desautels, AFPD
December 22, 2005
Page 2                                    Re:   Kanton Talley


    (b) Count Two charges Mr. Talley with a violation of 18 U.S.C. § 924(c)(1) (use of a firearm during and in relation to a drug trafficking crime).

2. **RESOLUTION OF CHARGES.** Mr. Talley will plead guilty to Counts One and Two of said indictment, which charge Mr. Talley with a violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2 in Count One and a violation of 18 U.S.C. § 924(c)(1) in Count Two.

3. **MAXIMUM POTENTIAL PENALTY.** The maximum penalty to which Mr. Talley will be exposed by virtue of this guilty plea is as follows:

**COUNT ONE EXPOSURE**

(a) Imprisonment for a period of 10 years to life;

(b) A fine of $4,000,000, or twice the gross pecuniary gain or twice the gross pecuniary loss resulting from defendant's conduct, whichever is greater;

(c) A term of supervised release of 5 years;

(d) A mandatory special assessment of $100.00 pursuant to 18 U.S.C. § 3013;

(e) Pursuant to 21 U.S.C. § 862(a)(1), the Court may deny certain federal benefits to Mr. Talley for a period of 5 years; and

(f) Restitution, as may be ordered by the Court pursuant to 18 U.S.C. §§ 3663 and 3664.


_/s/ Kanton Talley_                          1-6-06
KANTON TALLEY                                Date Signed
Defendant

_/s/ Michael L. Desautels_                   1-6-06
MICHAEL L. DESAUTELS, ESQUIRE                Date Signed
Counsel for Defendant

Michael L. Desautels, AFPD
December 22, 2005
Page 3                                    Re:   Kanton Talley

**COUNT TWO EXPOSURE**

(a) Imprisonment for a period of at least 5 years to life, to be served consecutively;

(b) A fine of $250,000, or twice the gross pecuniary gain or twice the gross pecuniary loss resulting from defendant's conduct, whichever is greater;

(c) A term of supervised release of 5 years;

(d) A mandatory special assessment of $100.00 pursuant to 18 U.S.C. § 3013; and

(e) Restitution, as may be ordered by the Court pursuant to 18 U.S.C. §§ 3663 and 3664.

**TOTAL EXPOSURE**

(a) Imprisonment for a period of at least 10 years to life on Count One, followed by a consecutive term of imprisonment of at least 5 years to life imprisonment;

(b) A fine of $4,250,000, or twice the gross pecuniary gain or twice the gross pecuniary loss resulting from defendant's conduct, whichever is greater;

(c) A term of supervised release of 5 years;

(d) A mandatory special assessment of $200.00 pursuant to 18 U.S.C. § 3013;


_____          1-6-06
KANTON TALLEY                             Date Signed
Defendant

_____          1-6-06
MICHAEL L. DESAUTELS, ESQUIRE             Date Signed
Counsel for Defendant

Michael L. Desautels, AFPD
December 22, 2005
Page 4                                          Re:   Kanton Talley

    (e)  Pursuant to 21 U.S.C. § 862(a)(1), the Court may deny certain federal benefits to Mr. Talley for a period of 5 years; and

    (f)  Restitution, as may be ordered by the Court pursuant to 18 U.S.C. §§ 3663 and 3664.

    4.  **SPECIAL ASSESSMENT**.  Mr. Talley has submitted certified financial statements to the United States reflecting that he is without sufficient funds to pay the special assessment due upon conviction in this case.  Mr. Talley agrees that, if incarcerated, he will join the Inmate Financial Responsibility Program, earnings from which will be applied toward payment of the special assessment.

    5.  **FORFEITURE**.  Mr. Talley hereby agrees as follows:

    (a)  To forfeit to the United States any and all property in his possession or under his control which constitutes proceeds of or facilitated the possession with intent to distribute controlled substances, or which was involved in or used in a firearms offense, including but not limited to two firearms more specifically identified as follows:

        (1)  a Smith and Wesson .357 revolver; and

        (2)  a Raven .25 automatic handgun.

Any such identified property deemed forfeitable by the United States will then be forfeited, pursuant to 21 U.S.C. §§ 881(a) or 853(a), or 28 U.S.C. § 2461(c) and 18 U.S.C. § 924(d)(1), in either an administrative or judicial forfeiture action;

_____          1-6-06
KANTON TALLEY                              Date Signed
Defendant

_____          1-6-06
MICHAEL L. DESAUTELS, ESQUIRE              Date Signed
Counsel for Defendant

Michael L. Desautels, AFPD
December 22, 2005
Page 5                              Re:   Kanton Talley


- (b) To assist the United States and its agents in identifying all such property, regardless of its location and the manner in which it is titled;

- (c) To fully complete and execute, under oath, a Financial Affidavit in a form supplied by the United States and to return to counsel for the United States the completed Affidavit within seven calendar days from the date of signing this plea agreement;

- (d) To provide sworn testimony and to execute any documents deemed necessary by the United States to effectuate the forfeiture and to transfer title to the said property to the United States; and

- (e) To waive any defenses to this criminal action, or to any related administrative or judicial forfeiture action, based in whole or in part on the Excessive Fines Clause of the Eighth Amendment to the Constitution, or the holding or principles set forth in United States v. Alexander, 509 U.S. 544 (1993); United States v. Bajakajian, 524 U.S. 321 (1998); United States v. Austin, 509 U.S. 602 (1993); and their progeny.

6. **COOPERATION.** Mr. Talley will be forthright and truthful with this office and other law enforcement agencies with regard to all inquiries made pursuant to this agreement, and will give signed, sworn statements and grand jury and trial testimony upon request of the United States. In complying with this provision, Mr. Talley may have counsel present except when appearing before a grand jury.


_____          1-6-06
KANTON TALLEY                            Date Signed
Defendant

_____          1-6-06
MICHAEL L. DESAUTELS, ESQUIRE            Date Signed
Counsel for Defendant

7. **USE IMMUNITY.** Unless this agreement becomes void due to a violation of any of its terms by Mr. Talley, nothing contained in any statement or testimony provided by Mr. Talley pursuant to this agreement, or any evidence developed therefrom, will be used against him, directly or indirectly, in any further criminal prosecutions or in determining the applicable guideline range under the Federal Sentencing Guidelines.

8. **LIMITATIONS ON IMMUNITY.** Nothing contained in this agreement restricts the use of information obtained by the United States from an independent, legitimate source, separate and apart from any information and testimony provided pursuant to this agreement, in determining the applicable guideline range or in prosecuting Mr. Talley for any violations of federal or state laws. The United States reserves the right to prosecute Mr. Talley for perjury or false statement if such a situation should occur pursuant to this agreement.

9. **PAYMENT OF MONETARY PENALTIES.** Mr. Talley agrees not to object to the District Court ordering all monetary penalties (including the special assessment, fine, court costs, and any restitution that does not exceed the amount set forth in this plea agreement) to be due and payable in full immediately and subject to immediate enforcement by the United States. So long as the monetary penalties are ordered to be due and payable in full immediately, Mr. Talley further agrees not to object to the District Court imposing any schedule of payments as merely a minimum schedule of payments and not the only method, nor a limitation on the methods, available to the United States to enforce the judgment.

_____          1-6-06
KANTON TALLEY                             Date Signed
Defendant

_____          1-6-06
MICHAEL L. DESAUTELS, ESQUIRE             Date Signed
Counsel for Defendant

Michael L. Desautels, AFPD
December 22, 2005
Page 7                              Re:   Kanton Talley


10. **APPEAL OF FINE.** The United States and Mr. Talley agree that neither will seek appellate review of any order of the District Court imposing a fine unless the fine imposed is in excess of the range provided for the offense of conviction by the United States Sentencing Guidelines.

11. **FINAL DISPOSITION.** The matter of sentencing is within the sole discretion of the Court. The United States has made no representations or promises as to a specific sentence. The United States reserves the right to:

   (a) Inform the Probation Office and the Court of all relevant facts and conduct;

   (b) Present evidence and argument relevant to the factors enumerated in 18 U.S.C. § 3553(a);

   (c) Respond to questions raised by the Court;

   (d) Correct inaccuracies or inadequacies in the presentence report;

   (e) Respond to statements made to the Court by or on behalf of Mr. Talley;

   (f) Advise the Court concerning the nature and extent of Mr. Talley's cooperation; and

   (g) Address the Court regarding the issue of Mr. Talley's acceptance of responsibility.


_____          1-6-06
KANTON TALLEY                             Date Signed
Defendant

_____          1-6-06
MICHAEL L. DESAUTELS, ESQUIRE             Date Signed
Counsel for Defendant

Michael L. Desautels, AFPD
December 22, 2005
Page 8                                    Re:   Kanton Talley


12. **VOIDING OF AGREEMENT.**  If either the United States or Mr. Talley violates the terms of this agreement, the other party will have the right to void this agreement.  If the Court refuses to accept this agreement, it shall be void.

13. **ENTIRETY OF AGREEMENT.**  This written agreement constitutes the entire agreement between the United States and Mr. Talley in this matter.  There are no agreements, understandings or recommendations as to any other pending or future charges against Mr. Talley in any Court other than the United States District Court for the Southern District of West Virginia.

Acknowledged and agreed to on behalf of the United States:

CHARLES T. MILLER
Acting United States Attorney

By: *[signature]*
R. GREGORY McVEY
Assistant United States Attorney

RGM/lae

I hereby acknowledge by my signature at the bottom of each page of this eight-page agreement that I have read, understand and agree to each of the terms and conditions set forth in this agreement.


*[signature: Kanton Talley]*                      1-6-06
KANTON TALLEY                                     Date Signed
Defendant

*[signature: Michael Desautels]*                  1-6-06
MICHAEL L. DESAUTELS, ESQUIRE                     Date Signed
Counsel for Defendant