# UNITED STATES DISTRICT COURT
Southern District of West Virginia, at: **HUNTINGTON**

UNITED STATES OF AMERICA  
**V.**  
**KANTON TALLEY**

**JUDGMENT IN A CRIMINAL CASE**

Case Number: 3:05-00207  
USM Number: 07866-088  
Megan Schueler, AFPD  
Defendant's Attorney

**THE DEFENDANT:**

☒ pleaded guilty to count(s) one and two of the indictment  
☐ pleaded nolo contendere to count(s) which was accepted by the court.  
☐ was found guilty on count(s) after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count | |
|---|---|---|---|---|
| 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2 | Aiding and Abetting the Distribution of 50 Grams or More of Cocaine Base | 04/27/05 | 1 | of the Indictment |
| 18 U.S.C. § 924(c)(1) | Use and Carry a Firearm During and in Relation ot a Drug Trafficking Crime | 04/27/05 | 2 | of the Indictment |

The defendant is sentenced as provided in pages 2 through __6__ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____  
☐ Count(s) _____ ☐ is ☐ are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States Attorney of material changes in economic circumstances.

05/23/06  
Date of Imposition of Judgment

ROBERT C. CHAMBERS  
UNITED STATES DISTRICT JUDGE

05/24/06  
Date

DEFENDANT: KANTON TALLEY
CASE NUMBER: 3:05-00207

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:

140 months as to count one and a consecutive 60 months as to count two for a total of 200 months. This sentence is to run concurrent to the two 4 year terms of incarceration in Ohio case number 05-cr-100 as of May 16, 2005.

☑ The court makes the following recommendations to the Bureau of Prisons:

that the defendant be housed as close to Columbus, OH, as possible;
that the defendant be allowed to participate in the Comprehensive Drug Abuse Treatment Program.

☑ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

    ☐ at _____ ☐ a.m. ☐ p.m. on _____ .

    ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    ☐ before 2 p.m. on _____ .

    ☐ as notified by the United States Marshal.

    ☐ as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

a _____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

DEFENDANT: KANTON TALLEY
CASE NUMBER: 3:05-00207

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of :

5 years as to count one and a concurrent 5 year term as to count two for a total of 5 years.

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

☑ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable.)

☐ The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)

☐ The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)

☐ The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

DEFENDANT: KANTON TALLEY
CASE NUMBER: 3:05-00207

# SPECIAL CONDITIONS OF SUPERVISION

The defendant will participate in a program of testing, counseling and treatment for drug and alcohol abuse as directed by the probation officer.

Payment of the fine is a special condition of supervised release.

In connection with payment of the fine, the Court imposes two additional special conditions of supervised release: the defendant is prohibited from incurring new credit charges or opening additional lines of credit without the probation officer's approval unless he is in compliance with the fine payment schedule; the defendant will provide the probation officer access to any requested financial information.

DEFENDANT: KANTON TALLEY
CASE NUMBER: 3:05-00207

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments below.

|  | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| **TOTALS** | $ 200 | $ 1000 | $ |

☐ The determination of restitution is deferred until _____ .

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name and Address of Payee** | **Total Loss** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
| **TOTALS** | $0.00 | $0.00 |  |

☐ Restitution amount ordered pursuant to plea _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☑ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

☑ the interest requirement is waived for the   ☑ fine   ☐ restitution.

☐ the interest requirement for the   ☐ fine   ☐ restitution is modified as follows:

\* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT: KANTON TALLEY
CASE NUMBER: 3:05-00207

# ADDITIONAL TERMS FOR CRIMINAL MONETARY PENALTIES

The $1000 fine is due immediately.

The defendant will pay $50 per quarter while incarcerated.

If the fine is not paid in full before the defendant's release from prison, then the Court orders the defendant to pay the balance of the fine in installments of $100 per month, with the first being due 30 days after release from prison. Payments may be forwarded to United States District Court Clerk, P. O. Box 2546, Charleston, West Virginia, 25329.

If the probation officer determines that a modification of the installment payments is necessary while the defendant is on supervised release, the probation officer can petition the Court to reevaluate the payments.

The $200 special assessment will be paid through participation in the Inmate Financial Responsibility Program.