**IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**HUNTINGTON DIVISION**

UNITED STATES OF AMERICA

v.                                                                CRIMINAL  ACTION  NO. 3:05-00207

KANTON TALLEY,
         also known as "G.B."

**MEMORANDUM OPINION AND ORDER**

On May 2, 2008, this Court entered an Order reducing Defendant Kanton Talley's

sentence pursuant to 18 U.S.C. § 3582(c)(2).  Acting pro se, Defendant filed a hand-written Notice

of Appeal he dated May 20, 2008, which was docketed by this Court on May 29, 2008.  Recognizing

that Defendant's appeal was filed, at earliest, on May 20, 2008,[1] the Fourth Circuit Court of Appeals

remanded the case to this Court to determine whether Defendant can show excusable neglect or good

cause for failing to file his appeal within the ten-day period provided by Rule 4(b)(1) of the Federal

Rules of Appellate Procedure.

Rule 4(b)(1) provides, in relevant part, that "[i]n a criminal case, a defendant's notice

of appeal must be filed in the district court within 10 days after the later of the entry of either the

judgment or the order being appealed[.]" *Fed. R. App. P.* 4(b), in part.  Rule 4(b)(4) further provides

that "[u]pon a finding of excusable neglect or good cause, the district court may–before or after the

time has expired, with or without motion and notice–extend the time to file a notice of appeal for

---

[1]*Citing Houston v. Lack*, 487 U.S. 266, 276 (1988) (holding that the time of filing occurs
when a "*pro se* prisoner delivers the notice to prison authorities for mailing").

a period not to exceed 30 days from the expiration of the time otherwise prescribed by this Rule

4(b)." *Id.* Following remand, this Court entered an Order directing Defendant to explain his reasons

for failing to file his notice within the ten-day period.

In his response, Defendant asserts that he was unable to file a timely notice because

he was in segregation and was unable to access any legal material. Defendant attached to his

response a Disposition of the Rules Infraction Board which states that Defendant was placed in "DC

W/C"[2] from April 24, 2008 until May 9, 2008. Defendant also states that he "filed" his notice on

May 10, the day after he was released from segregation, which would be within the ten-day window

for filing a notice. However, given that Defendant personally dated his notice as May 20, the Court

does not credit Defendant's recollection that he filed the notice on May 10.[3] Nevertheless, the issue

remains whether or not Defendant's segregation constitutes excusable neglect or good cause for

failing to make a timely appeal.

In deciding this issue, the Court recognizes that Defendant was released from

segregation on May 9, and his ten-day deadline did not expire until May 16.[4] Given the amount of

---

[2]The Court contacted Defendant's case manager at the correctional institution in which he is being held. His case manager informed the Court that "DC W/C" stands for disciplinary control without credit.

[3]Defendant's case manager confirmed to the Court that Defendant was released from disciplinary control on May 9.

[4]Pursuant to Rule 26 of the Federal Rules of Appellate Procedure, the day of an event is excluded from the calculation of time and, when the time period is less than eleven days, intermediate weekends are excluded. In this case, the Order was entered on a Friday, May 2. Thus, the time period began to run on Monday, May 5, excluded Saturday, May 10 and Sunday, May 11,

(continued...)

time Defendant had to file his notice following his release from segregation, the Court finds that

Defendant could have easily filed the notice before the expiration of the ten-day period.  Thus, the

Court determines that Defendant's segregation for some of the ten-day period is insufficient to

establish excusable neglect or good cause for failing to timely file his notice of appeal.


      Having decided the issue remanded by the Fourth Circuit, the Court **DIRECTS** the

Clerk to send a copy of this Written Opinion and Order to counsel of record and any unrepresented

parties and return the record to the Fourth Circuit Court of Appeals for further consideration.


        ENTER:     December 8, 2008

        ROBERT C. CHAMBERS
        UNITED STATES DISTRICT JUDGE

---

[4](...continued)
and concluded on Friday, May 16.